UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MONTGOMERY CAPITAL ADVISERS, LLC,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Case No. 3:16-cv-1224 |
| **INNOVATE 360 OMS, INC. d/b/a ORDER MANAGEMENT SYSTEMS, INC. and TIMOTHY J. SOMMERS,** | § § § § § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Montgomery Capital Advisers, LLC files this Original Complaint against Defendants Innovate 360 OMS, Inc. d/b/a Order Management Systems, Inc. and Timothy J. Sommers (collectively, "Defendants") and would respectfully show the Court as follows:

### I.
### PARTIES AND SERVICE

1. Plaintiff Montgomery Capital Advisers, LLC ("MCA") is a Delaware limited liability company and is a citizen of Texas for purposes of diversity jurisdiction because its only members are Tom Montgomery and Beth Montgomery, who are both individuals and citizens of Texas.

2. Defendant Innovate 360 OMS, Inc. is a Colorado corporation with its principal place of business in Denver, Colorado. It may be served with process through its registered agent, Donald Blackburn, at 6595 S. Dayton Street, Suite 1000, Greenwood Village, Colorado 80111, or wherever he may be found.

3. Defendant Timothy J. Sommers ("Sommers") is an individual and citizen of Colorado. He may be served with process at 2901 E. Orchard Road, Greenwood Village, Colorado 80121, or wherever he may be found.

## II.
## JURISDICTION AND VENUE

4. Jurisdiction in this District Court is based upon 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties and the amount-in-controversy exceeds $75,000, excluding interest and costs.

5. Venue is proper in this District Court under 28 U.S.C. § 1391(a)(2) because this is a District in which a substantial part of the events or omissions giving rise to the claim occurred.

## III.
## FACTUAL BACKGROUND

6. On or about November 14, 2014, Montgomery Capital Advisors, LLC ("MCA") entered into a Note and Warranty Purchase Agreement (the "NWPA") with Innovate 360 OMS Inc. d/b/a Order Management Systems, Inc. ("Innovate 360"). Pursuant to the terms of the NWPA, Innovate 360 issued to MCA a Promissory Note (the "Note") and Warrant for the Purchase of Equity Interest ("Warrant") in return for MCA's advancement of $150,000 to Innovate 360. The terms of the NWPA also required Timothy Sommers ("Sommers") to personally guarantee payment of all amounts owed by Innovate 360. Accordingly, Sommers signed the Note as Guarantor and executed a Guaranty Agreement. The terms of the Guaranty Agreement provide that "[i]f any amounts or any part of any amounts payable under or in connection with Note Documents shall not be paid by [Innovate 360] when due and payable, [Sommers] shall forthwith pay such amounts." On September 1, 2015, MCA and Innovate 360 extended the Note, agreeing that it shall be due on February 1, 2016.

7. The Note provides that it is secured by a Security Agreement through which Innovate 360 granted to MCA a security interest in all of its assets, personal property, and general intangibles, among other things. According to representations made by Innovate 360 and by Sommers, those assets included Innovate 360's highly valuable OMS software (the "Software"). Innovate 360 represented and continues to represent that Innovate 360 or Sommers own the Software.

8. Under the terms of the Note, "[t]he entire unpaid principal and accrued interest and all other amounts owing . . . shall be immediately due and payable upon an acceleration of the amounts owing under [the] Note following the occurrence of an Event of Default." An Event of Default occurs if Innovate 360 "default[s] in the payment of the principal or interest of the Promissory Note . . . fails to perform any covenant set forth in Section 5.2 [of the NWPA] . . . or . . . breaches any representation or warranty made in any of the Transaction Documents." An Event of Default also occurs if Innovate 360 "or any other Transaction Party fails to perform any other covenant contained [in the NWPA] or in any of the Transaction Documents," among other things.

9. Upon information and belief, Sommers had begun funneling assets in and out of Innovate 360 and other entities that he owns or controls before Innovate 360 entered into the NWPA. In January of 2015, Innovate 360 granted Sommers a lien on all of its "assets to include but not limited to: All cash at bank accounts, all receivable invoices, all software, and all Order Management Software Code" as security for a new loan. *See* Exhibit A. Innovate 360 did not obtain MCA's consent before incurring the additional debt.

10. On March 31, 2016, CGC Royalty Investments I, LLC ("Cypress") filed suit against Sommers as well as several entities owned or controlled by him alleging that Bluewater

Moorings, LLC ("Bluewater"), which was acquired by one of Sommers's entities, was the true owner of the OMS Software, which served as collateral for a loan from Cypress to Bluewater. Upon information and belief, Sommer continues to funnel assets in and out of the various entities he owns or controls for his own personal benefit often making such transfers "off the books."

11. Neither Innovate 360 nor Sommers repaid the note when it came due on February 1, 2016. To date, over $180,000 remains unpaid.

## IV.
## BREACH OF THE NOTE AND WARRANT PURCHASE AGREEMENT AND SECURITY AGREEMENT
**(All Defendants)**

12. Plaintiff incorporates by reference the factual allegations of the preceding paragraphs as if fully stated herein.

13. Innovate 360 entered into the NWPA wherein MCA loaned Innovate 360 $150,000 as evidenced by the Note. The Note provides that it "is secured by, and is entitled to the benefits of, the Security Agreement dated November 12, 2014."

14. Innovate 360 materially breached and defaulted under the NWPA by (1) failing to make payment of the principal and interest of the Note when due; (2) incurring indebtedness without MCA's written consent; (3) granting an impermissible lien on the Collateral; (4) removing the Collateral from Innovate 360's premises; and (5) permitting Sommers to use the proceeds of the loan for purposes other than as Innovate 360's general working capital.

15. Innovate 360 materially breached the Security Agreement by preventing MCA from taking immediate possession of the Collateral.

16. MCA has suffered and continues to suffer damages as a result of Innovate 360's breaches because it was deprived of the full value of the Collateral pledged under the NWPA and

Security Agreement.  All conditions precedent to Innovate 360's liability under the NWPA and Security Agreement have occurred, or, in the alternative, Innovate 360 waived them.

17. MCA further alleges that the corporate veil of Innovate 360 should be pierced and Sommers held jointly and severally liable to MCA on the ground that Innovate 360 was used by Sommers as a sham to perpetuate a fraud on MCA.  Specifically, upon information and belief, Sommers, who is or was the controlling equity holder, an officer, and/or a manager or director of Innovate 360, has caused Innovate 360 to transfer assets out of Innovate 360 and into other entities that Sommers owns or controls thereby placing those assets beyond the reach of its creditor, MCA.

## V.
## BREACH OF AND LIABILITY UNDER GUARANTY AGREEMENT
(Sommers)

18. Plaintiff incorporates by reference the factual allegations of the preceding paragraphs as if fully stated herein.

19. Sommers entered into a Guaranty Agreement with MCA and signed the Note as Guarantor in November of 2014.  Among other things, the Guaranty Agreement provided that "[i]f any amounts or any part of any amounts payable under or in connection with [the] Note Documents shall not be paid by [Innovate 360] when due and payable, [Sommers] shall forthwith pay such amounts to MCA."

20. Sommers became jointly and severally liable for the entire amount evidenced by the Note upon Innovate 360's default.  Sommers materially breached the Guaranty Agreement by not paying the amounts owed by Innovate 360 following its default.  MCA has suffered and continues to suffer damages as a result because the Note remains unpaid.  All conditions precedent to Sommers's liability under the Guaranty Agreement have occurred, or, in the alternative, Sommers has waived them.

## VI.
## COMMON-LAW FRAUD
### (All Defendants)

21.     Plaintiff incorporates by reference the factual allegations of the preceding paragraphs as if fully stated herein.

22.     By entering into the NWPA and issuing the Note, Innovate 360 and Sommers represented that Innovate 360 "owns and has good title to the Collateral (as defined in the Security Agreement), free and clear of all liens, security interests, or encumbrances of any kind." This includes, but is not limited to the Software that Innovate 360 continues to publicly represent that it owns.  Indeed, Innovate 360 purported to pledge the Software as security for a loan from Sommers, as evidenced by the UCC Financing Statement it filed in early 2015.  *See* Exhibit A.

23.     In reality, however, Innovate 360 was never the true owner of the proprietary Software.  Not only did the Software belong to another entity, but it was already subject to a first lien.  Innovate 360 and Sommers intended for MCA to rely on their false representation that Innovate 360 had good title to its assets and that those assets were not subject to any impermissible liens in inducing MCA to enter into the NWPA and knew that the representation was false at the time it was made.

## VII.
## ATTORNEYS' FEES AND COSTS

24.     Plaintiff incorporates by reference the factual allegations of the preceding paragraphs as if fully stated herein.

25.     Pursuant to Section 38.001(8) of the Texas Civil Practice and Remedies Code, Plaintiff is entitled to and hereby seeks to recover its reasonable attorneys' fees in addition to costs because this is a claim for breach of contract.

26. Plaintiff seeks to recover its reasonably attorneys' fees in accordance with the terms of the Note and Guaranty Agreement.

## VIII.
## JURY DEMAND

27. Plaintiff demands a trial by jury on all issues.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Montgomery Capital Advisors, LLC respectfully requests that Defendants be cited to appear and answer and that, upon final hearing, Plaintiff have the following:

a. Judgment against Defendants for damages;

b. Reasonable attorneys' fees;

c. Prejudgment and post-judgment interest at the highest rates permitted by law;

d. Costs of court; and

e. Such other and further relief, both special and general, to which the law and equity may deem Plaintiff entitled.

Respectfully submitted,

**JACKSON WALKER L.L.P.**
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822- Fax
By: */s/ Nathaniel St. Clair, II*
Nathaniel St. Clair, II
State Bar No. 24071564
nstclair@jw.com
Shannon Zmud Teicher
State Bar No. 24047169
steicher@jw.com

**ATTORNEYS FOR PLAINTIFF**