UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MONTGOMERY CAPITAL ADVISERS, LLC** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civ. Act. No. 3:16-CV-0899-M |
| **INNOVATE 360 OMS, INC. d/b/a ORDER MANAGEMENT SYSTEMS, INC. and TIMOTHY J. SOMMERS,** | § § § § § | |
| **Defendants.** | § § | |

## ANSWER OF TIMOTHY J. SOMMERS
## TO PLAINTIFF'S ORIGINAL COMPLAINT

Comes now Timothy J. Sommers ("Defendant") and answers the allegations of Plaintiff's Original Complaint ("Complaint") as follows:

1. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 of the Complaint.

2. Defendant admits the allegations of paragraph 2 of the Complaint.

3. Defendant admits the allegations of paragraph 3 of the Complaint.

4. Defendant admits the allegations of paragraph 4 of the Complaint.

5. Defendant admits the allegations of paragraph 5 of the Complaint.

6. Defendant admits the allegations of the first sentence of paragraph 6 of the Complaint. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of the remainder of paragraph 6 of the Complaint, in that they relate to terms and conditions contained in one or more documents, namely the NWPA,

Note, Warrant and Guaranty Agreement (all of which are as identified and defined by Plaintiff in the Complaint) which speak for themselves. Executed copies of these documents were not made part of the Complaint and are otherwise not before the Court.[1]

7. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of the first sentence of paragraph 7 of the Complaint, in that they relate to terms and conditions contained in one or more documents, namely the Security Agreement, which document speaks for itself. An executed copy of this document was not made part of the Complaint and is not otherwise before the Court.[2] Defendant denies the allegations of the remainder of paragraph 7 of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8 of the Complaint, in that they relate to terms and conditions contained in one or more documents, namely the Note, the "Promissory Note", and the "Transaction Documents", which documents speak for themselves. Executed copies of these documents were not made part of the Complaint and are not otherwise before the Court. Additionally, the allegations of paragraph 8 of the Complaint refer to the terms "Event of Default", "Transaction Documents" and "Transaction Parties", all of which are presumably contained in one or more documents not made part of the Complaint or otherwise before the Court. To the extent that admission or denial of the allegations in paragraph 8 requires Defendant to know and understand the meaning of these terms, Defendant is unable to admit or deny such

---

[1] Executed copies of these documents are the best evidence of their terms and conditions, but Plaintiff has chosen to not attached any of these documents as exhibits to the Complaint.
[2] As is the case with the loan documents referenced in paragraph 6, Plaintiff failed to attach a copy of the Security Agreement as an exhibit to the Complaint.

**ANSWER OF TIMOTHY J. SOMMERS TO PLAINTIFF'S ORIGINAL COMPLAINT**                              **Page 2**

allegations because he is without knowledge sufficient to form a belief about the truth of such allegations.

9. Defendant denies the allegations of paragraph 9 of the Complaint.

10. Defendant admits the allegations of the first sentence of paragraph 10 of the Complaint. Defendant denies the remainder of the allegations of paragraph 10 of the Complaint.

11. Defendant denies the allegations of paragraph 11 of the Complaint, in that he is without knowledge or information sufficient to form a belief about the truth of these allegations. Plaintiff has not established the necessary predicates for these allegations; namely, that a note existed which was actually signed by Defendant, that the due date of the allegedly signed note was February 1, 2016, and that Defendant received consideration from Plaintiff to support the alleged signed (or, perhaps unsigned) note and any obligations created thereunder.

12. Defendant incorporates by reference his responses contained in paragraphs 1 through 11 of this Answer as if set forth at length herein.

13. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of the allegations of paragraph 13 of the Complaint, in that they relate to terms and conditions contained in one or more documents, namely the Note and Security Agreement, which speak for themselves. Plaintiff has not made executed copies of these documents part of its Complaint and they are not otherwise before the Court.

14. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14 of the Complaint, in that such allegations

relate to terms and conditions contained in one or more documents, namely the NWPA and Note, which documents speak for themselves. Plaintiff has not made executed copies of these documents part of its Complaint and brought these documents before the Court. Additionally, to the extent that the allegations of paragraph 14 of the Complaint rely upon an understanding, and presumably definition, of the initially capitalized (but undefined) term "Collateral", Defendant is without knowledge or information sufficient to form a belief about the truth of these allegations.

15.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15 of the Complaint, in that such allegations relate to terms and conditions contained in the Security Agreement, which document speaks for itself.  Plaintiff has not made an executed copy of this document part of its Complaint, and it is not otherwise before the Court.  Plaintiff is likewise without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15 of the Complaint to the extent they rely upon an understanding, and presumably the definition of the initially capitalized (but undefined) term "Collateral".

16.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16 of the Complaint in that they refer to alleged damages, the nature and extent of which is unknown to Defendant.  Furthermore, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16 of the Complaint, to the extent that such allegations rely upon terms and conditions contained in the NWPA and Security Agreement, which documents speaks for themselves.  Plaintiff has not made executed copies of these documents part of its Complaint and they are not otherwise before the Court.  Additionally,

to the extent that the allegations of paragraph 15 of the Complaint rely upon an understanding, and presumably the definition of the initially capitalized (but undefined) term "Collateral", Defendant is without knowledge or information sufficient to form a belief about the truth of these allegations.  Defendant generally denies that Plaintiff is entitled to an award of damages against him.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant incorporates by reference his responses contained in paragraphs 1 through 17 of this Answer as if set forth at length herein.

19. Plaintiff has not plead the required elements of a cause of action to hold him vicariously liable for the acts of Innovate 360 OMS, Inc. ("Innovate 360"), his co-defendant in this cause. See, *Castleberry v. Branscum*, 721 S.W.2d, 270, 271-72 (Tex. 1986).  In that regard, Defendant is without knowledge or information sufficient to form a belief about the truth (or falsity) of the necessary, but unpled allegations of paragraph 19 of the Complaint.   Furthermore, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of the allegations of paragraph 19 of the Complaint to the extent that such allegations rely upon terms and conditions contained in the Guaranty Agreement and Note, which documents speaks for themselves.  Plaintiff has not made executed copies of these documents part of its Complaint and they are not before the Court.  Additionally, to the extent that the allegations of paragraph 19 of the Complaint rely upon an understanding, and presumably, the definition of the initially capitalized (but undefined) term "Note Documents", Defendant is without knowledge or information sufficient to form a belief about the truth of these allegations.

20. Defendant denies the allegations of the first sentence of paragraph 20 of the Complaint. Defendant is without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 20 of the Complaint to the extent that such allegations rely upon terms and conditions contained in the Guaranty Agreement and Note, which documents speak for themselves. Plaintiff has not made executed copies of these documents part of its Complaint and they are not otherwise before the Court. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20 of the Complaint to the extent that they refer to Plaintiff's alleged damages, the nature and extent of which is unknown to Defendant. Defendant generally denies that Plaintiff is entitled to an award of damages against him.

21. Defendant incorporates by reference his responses contained in paragraphs 1 through 20 of this Answer as if set forth at length herein.

22. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22 of the Complaint, as such allegations rely upon terms and conditions contained in the NWPA, Note and Security Agreement, all of which documents speak for themselves. Plaintiff has not made any executed copies of these documents part of its Complaint and they are not otherwise before the Court. Additionally, to the extent that the allegations of paragraph 22 of the Complaint rely upon an understanding, and presumably the definition of the initially capitalized (but undefined) term "Collateral", Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22 of the Complaint to the extent that such allegations rely upon such term.

23. Defendant admits the allegations of the first and second sentences of paragraph 23 of the Complaint. Defendant denies the allegations of the remainder of paragraph 23 of the Complaint.

24. Defendant incorporates by reference his responses contained in paragraphs 1 through 23 of this Answer as if set forth at length herein.

25. Defendant denies the allegations of paragraph 25 of the Complaint in that Defendant denies that any breach of contract occurred.

26. Defendant denies the allegations of paragraph 26 of the Complaint, in that Plaintiff cannot prove its claim for attorneys' fees under the terms of the Note and Guaranty Agreement, neither of which documents are properly before the Court.

## Affirmative Defenses

27. Defendant pleads the following as his affirmative defenses to Plaintiff's claims.

### Estoppel

28. Defendant believes that Plaintiff should be estopped from asserting its claims against Defendant, in that Defendant colluded with CGC Royalty Investments I, LLC ("CGC"), Cypress Growth Capital, LLC ("Cypress") and Montgomery Coscia Grelich LLP ("MCG LLP"), and other entities affiliated with them, to induce Defendant's affiliates Innovate 360 Acquisition, Inc. ("Innovate 360 Acquisition"), The Innovation Factory, Inc. ("Innovation Factory") and Sommers to invest in Bluewater Moorings, LLC ("Bluewater"), in an effort to avoid investment losses in Bluewater. The alleged loan by Plaintiff to Innovate 360, and Defendant's alleged guaranty of that loan, was in furtherance of this collusion and was proposed by Plaintiff to Innovate 360 in order to use Innovate 360 as

a conduit of funds to Bluewater, funds which Bluewater needed to make royalty payments to CGC. Defendant believes that this scheme was designed to protect the reputation of CGC and Cypress with their investors and to shield investors from the knowledge of the extent of CGC's and Cypress' losses in their Bluewater-related investments. In furtherance of this collusive scheme, Plaintiff also diverted a portion of the proceeds of its alleged loan to Innovate 360 to pay indebtedness of Bluewater to MCG LLC, which is believed to be an affiliate of Plaintiff or its principals.

### Fraud

29.     Defendant believes that Plaintiff participated in the commission of a fraud, or series of frauds against Defendant and Innovate 360. As stated above, Defendant colluded with CGC, Cypress, MCG LLP, and possibly other entities affiliated with them, to induce Innovate 360 Acquisition, Innovation Factory and Sommers to invest in Bluewater. This investment was proposed by Edward Mello ("Mello") and Barton Goodwin ("Goodwin"), principals in Cypress and CGC or its managing entity, in an effort to avoid CGC's and Cypress' investment losses in Bluewater. The alleged loan by Plaintiff to Innovate 360 and Defendant's alleged guaranty of this loan were in furtherance of this collusion in order to use Innovate 360 as an innocent conduit of funds to Bluewater, funds which Bluewater needed (but which it did not otherwise have) to make its royalty payments to CGC. Defendant believes this scheme was designed by Mello and Goodwin, with the cooperation and acquiescence of Plaintiff, for the purpose of protecting the reputation of CGC and Cypress to their investors. Plaintiff also diverted a portion of the proceeds of its alleged loan to Innovate 360, for which Plaintiff seeks to hold Defendant

liable, without his or Innovate 360's prior knowledge or consent, to pay indebtedness of Bluewater to MCG LLC.

30. Cypress, through its principals, Mello and Goodwin, introduced Bluewater to Sommers as a business opportunity, knowing that Bluewater was insolvent and unable to pay its debts to CGC, among other entities, when they became due. MCG LLC prepared the financial statements and other "due diligence" items which Sommers, Innovate 360 Acquisition and Innovation Factory relied on in making their investment in Bluewater. Thereafter, once Innovate 360 was in place to manage Bluewater, Plaintiff, presumably at the "recommendation", or more likely *at the insistence* of CGC and Cypress, placed the alleged loan with Innovate 360 and required Defendant's alleged guaranty of that loan for the purpose of paying (a) MCG LLC what it was owed by Bluewater; and (b) royalty payments due CGC by Bluewater. Each of Cypress, CGC, Plaintiff and MCG LLC knew, or should have known, that the financials and "due diligence" information provided by Cypress and MCG LLC to Sommers, Innovate 360 Acquisition and Innovation Factory was false when given, and Plaintiff knew, or should have reasonably anticipated that Defendant and Innovate 360 would rely on such information when agreeing to accept funding from Plaintiff.

31. Additionally, Plaintiff acted fraudulently toward Defendant when it failed to disclose to Defendant (a) that a portion of the loan proceeds, which Innovate 360 was allegedly obligated to repay, would be used to pay amounts due Plaintiff's affiliate, MCG LLC; and (b) that Defendant would never receive or possess, or obtain any benefit from such funds.

Failure of Consideration

32.     Plaintiff should be barred from any recovery against Defendant because the alleged consideration given to Defendant under is alleged contracts and agreements with Plaintiff was illusory, or failed in its entirety in that Defendant obtained no benefit from such funds.

WHEREFORE, PREMISES CONSIDERED, Defendant Timothy J. Sommers prays that his affirmative defenses be sustained, that Plaintiff be denied any relief in this cause, and for such other and further relief to which he may be entitled.

**Respectfully submitted,**

**/s/ John E. Leslie**
**John E. Leslie**
**State Bar No. 12231400**

**JOHN LESLIE | PLLC**
**1805 West Park Row Drive, Suite C**
**Arlington, Texas 76013**
**(817) 505-1291 Phone**
**(817) 505-1292 Fax**
**arlingtonlaw@aol.com email**

**ATTORNEYS FOR DEFENDANT**
**TIMOTHY J. SOMMERS**

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing Answer was served via email and by the Court's electronic filing system this 13TH day of June 2016 on Plaintiff's counsel, Nathaniel S. Clair II and Shannon Zmud Teicher of Jackson Walker L.L.P.

/s/ John E. Leslie
John E. Leslie, Attorney Certifying